IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

IDT CORP. and
NET2PHONE, INC.                                                                                    PLAINTIFFS


V.                                    CASE NO. 10-CV-4097


EBAY, INC.; SKYPE, INC.; and
SKYPE TECHNOLOGIES, S.A.                                                                DEFENDANTS

## ORDER

  Before the Court is a Motion to Unseal Complaint filed by eBay, Inc.; Skype, Inc.; and Skype Technologies, S.A.[1]  ECF No. 25.  Skype and eBay move the Court to unseal a redacted version of the antitrust complaint filed in this matter.  No response to the motion has been filed, and the time for response has passed.  The Court finds that this matter is ripe for consideration.

  In 2006, Net2Phone, Inc. sued Skype and eBay for patent infringement in the District of New Jersey.  In 2008, eBay sued IDT Corp. and Net2Phone, along with other parties, for patent infringement in the Western District of Arkansas.  The parties litigated both cases pursuant to protective orders that governed the disclosure of sensitive and confidential information.  In 2010, IDT filed the antitrust complaint at issue in this litigation.  The Court allowed IDT to file the complaint under seal.  Three weeks later, the parties reached a settlement in all cases.  The antitrust lawsuit was dismissed with prejudice.

  Months later, the Arkansas Public Law Center ("APLC") intervened in this matter to unseal the antitrust complaint.  After an *in camera* review of the complaint, the Court denied the motion

---

[1] In this order, Skype, Inc. and Skype Technologies, S.A. are collectively referred to as "Skype."

to unseal, finding that "the potential harm that unsealing the complaint may cause to Plaintiffs and Defendant outweighs the APLC's generalized interest in access to the complaint." ECF No. 18.

The APLC appealed the denial of its motion, and the Eighth Circuit vacated the Court's order denying the motion to unseal the complaint. ECF No. 24. The Eighth Circuit concluded that the Court "did not abuse its discretion in determining that the potential harm in unsealing 'confidential and competitively sensitive information' outweighs APLC's 'generalized interest in access to the complaint.'" ECF No. 24, attachment 1. However, the Eighth Circuit found that there was "not a sufficient explanation from the district court for us to evaluate whether redaction was a reasonable alternative to sealing the entire complaint." ECF No. 24, attachment 1. The Eighth Circuit remanded the case for the Court to assess whether redaction of confidential business information is practicable and instructed the Court to either "unseal a redacted complaint or deny the motion to unseal with an explanation why the entire complaint should remain under seal." ECF No. 24, attachment 1.

After the case was remanded back to the Court, eBay and Skype filed the present motion to request unsealing of a redacted version of the complaint previously filed under seal. ECF No. 25. The Court has conducted another *in camera* review of the sealed complaint. Although many portions of the complaint contain sensitive and confidential business information intertwined with otherwise non-confidential information, the Court concludes that the redaction of such information is practicable. Further, the Court has reviewed the proposed redacted complaint offered by eBay and Skype and determines that the suggested redactions are both necessary and proper. The redacted material in the complaint is derived from sensitive and confidential information protected by the protective orders entered in the New Jersey and Arkansas patent cases. Accordingly, the Motion to

Unseal Complaint (ECF No. 25) is **GRANTED**.  The parties are directed to file the redacted version of the complaint within seven days of this order.[2]

    IT IS SO ORDERED, this 19th day of February, 2014.

                                                /s/ Susan O. Hickey
                                                Susan O. Hickey
                                                United States District Judge

---

[2] The original order denying the APLC's Motion to Unseal Complaint (ECF No. 13) was vacated by the Eighth Circuit. ECF No. 24.  Thus, the Court reconsiders the APLC's Motion to Unseal Complaint in which the APLC moves the Court to unseal the complaint in its entirety.  The Court finds that the APLC's Motion to Unseal Complaint should be and hereby is GRANTED IN PART and DENIED IN PART for reasons set forth in this order.  The Court does not unseal the complaint in its entirety but orders a redacted version of the complaint to be filed.